JUDGE OETKEN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

14 CV 5780

------------------------------------------------------------X
Zongtex International Corporation,            )   Docket No.
                                              )
                          Plaintiff,          )   **COMPLAINT**
                                              )
                                              )
JESE Apparel LLC, Silverwear-USA, and         )   **PLAINTIFF DEMANDS**
Jay Weitzman.                                 )   **A TRIAL BY JURY**
                                              )
                          Defendants.         )
------------------------------------------------------------X

*RECEIVED JUL 28 2014 U.S.D.C. S.D.N.Y. CASHIERS*

Plaintiff, ZONGTEX INTERNATIONAL CORPORATION, complains of Defendants, upon information and belief, as follows:

### NATURE OF ACTION

1. This is an action for breach of contract, unjust enrichment, tortious interference, fraud and deceptive business practices arising out of Defendants' failure to make payment for the goods that Plaintiff delivered, and Defendants' intentional and fraudulent acts that are detrimental to the Plaintiff.

### PARTIES

2. Plaintiff, Zongtex International Corporation (hereinafter referred to as "Plaintiff") is a company incorporated under the Republic of China, Taiwan and has a principal place of business at Taipei City, Taiwan.

3. Defendant JESE Apparel LLC (hereinafter "JESE") is a company incorporated under the laws of the State of New York and has a place of business at 530 Seventh Avenue, New York, NY 10018.

1

4. Defendant Silverwear-USA (hereinafter "Silverwear") is an online subsidiary or agent of JESE and has places of businesses everywhere JESE has places of business.

5. Defendant Jay Weitzman is an individual and President of JESE.

## JURISDICTION AND VENUE

6. This honorable Court is that of proper jurisdiction to hear these causes of action pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. Venue is proper in this district, pursuant to 28 U.S.C. § 1391(b) based upon Defendants' principal place of business and the events giving rise to the claims herein are and were located within New York County, within the Southern District of New York.

## STATEMENT OF MATERIAL FACTS

8. Defendant JESE is a for-profit women's and children's clothing company in the United States with places of business in New York and New Jersey.

9. Defendant Silverwear is an affiliate, subsidiary and/or agent of JESE and works with international manufacturers and warehouses such as Plaintiff to book sales on behalf of JESE.

10. Plaintiff Zongtex is a Taiwanese apparel manufacturer with various warehouses in Asia and limited business relationships with American and New York companies.

11. On or about April/May 2013, JESE and Silverwear entered into a contractual arrangement with Zongtex for three (3) specific fabric product orders through an agent of Zongtex, Winstar Alliance, another Taiwanese company.

12. In the course of this deal, parties agreed on price, delivery date and specific descriptions of goods needed.

13. The original price agreed upon for the three orders prior to discount was in excess of $100,000.00. Later, parties engaged in informal discussions concerning discounts due largely to the imbalance of bargaining power and because goods were already received by JESE and Silverwear.

14. Upon receipt of order specifications, Zongtex immediately produced, packed, and shipped the specified goods from its warehouse in Cambodia to JESE and Silverwear's warehouse in Mexico City.

15. The three (3) orders of goods were received, not rejected, and promises were made to remit the agreed upon payments shortly.

16. On August 6, 2013, Zongtex's agent began requesting payment for these goods via e-mail.

17. On August 23, 2013, JESE and Silverwear's employee e-mailed that "[we] will release all pa[y]ments to you by the end of this month."

18. On August 30, 2013, JESE and Silverwear's employee represented that "[we] have arrange the payment to you yesterday, pls cfm if you received it." These statements were not true and no payments have been received to date.

19. Several weeks later, on September 18, 2013, JESE and Silverwear's employee e-mailed "[have] conversation with accounting dept, we were wired the money today, but we can get the proof to you tomorrow." Therefore, by September 18, 2013, albeit very late for payment, Zongtex has evidence that JESE and Silverwear were in receipt of the funds to pay for these orders (whether from customers or from head office in Israel). Nevertheless, JESE and Silverwear continued to stall, represent falsehoods as to payment,

3

and to take all measures to avoid performance of its obligation after receiving and utilizing fabric products ordered from Zongtex.

20. Finally, on January 14, 2014, upon "threat" of retention of counsel and potential litigation, JESE and Silverwear's owner, Jay Weitzman started to e-mail after six months that Costco, an alleged JESE customer, might have issues with the quality of the fabrics and attempted to utilize this justification for nonpayment although the contractual agreement was never acceptance of the goods by JESE and/or Silverwear's customer(s), but by JESE and/or Silverwear themselves.

21. In the ten months since receipt of goods, JESE and Silverwear never rejected or attempted to return the goods but simply made alternating promises that it will be paying for the goods or false representations that it has already paid for the goods.

22. JESE and Silverwear also admitted that they used the goods in trade and attempted to sell them.

## AS AND FOR A FIRST CAUSE OF ACTION BREACH OF CONTRACT

23. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 22 inclusive, with the same force and effect as though more fully set forth at length herein.

24. JESE and Silverwear have purchased and Plaintiff has sold and delivered to them products in the value of $108,603.00. Even accepting the reduced discount price due to unequal bargaining power after receipt of goods, the products are worth $89,768.40.

25. JESE and Silverwear have not fulfilled the obligations under their agreement to make payment for the products that they have accepted.

26. To date, JESE and Silverwear is indebted to Plaintiff for the products delivered in the amount of $108,603.00.

27. In New York, a foreign manufacturer has a "strong" case for breach of contract when a buyer attempts to renegotiate an obligation to pay after acceptance of goods from overseas and when the seller is left in a vulnerable position of accepting lesser payments since their goods are already stuck in another continent. *See Zhangjiagang Sunrise Home Textile Co. Ltd. V. Dream Modes, Inc., et al.*, Case No. 651935/2011, 2013 NY Slip Op 32833(U)(N.Y. Sup. Ct., N.Y. County 2013).

28. It is clear precedent in New York that a buyer's acceptance of goods and obligation to pay is triggered by its failure to reject the goods and/or retaining goods notwithstanding alleged nonconformity. *See Accent Commercial Furniture, Inc. v. P. Schneider & Assoc., PLLC*, 2013 NY Slip Op 07106 (N.Y. Appel. Div., Third Department 2013), UCC §2-606, UCC §2-607.

29. JESE and Silverwear did not reject the goods or allege nonconformity until after acceptance of the orders and promises to pay.

**WHEREFORE**, Plaintiff demands a judgment against Defendants JESE and Silverwear in the amount of $108,603.00 plus interest, attorney's fees, costs of suit and such other and further relief as the Court deems just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION UNJUST ENRICHMENT

30. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 29 inclusive, with the same force and effect as though more fully set forth at length herein.

31. Plaintiff has shipped and delivered products at the request of JESE and Silverwear by way of JESE and Silverwear placing purchase orders with Zongtex's agent.

32. The products that Plaintiff has delivered and JESE and Silverwear have accepted is of value and benefits them.

33. The reasonable value of the said products is $108,603.00.

34. Plaintiff has made numerous attempts to collect the outstanding debt through its agent and also through counsel from JESE and Silverwear.

35. To date, JESE and Silverwear remains indebted to Plaintiff for said delivered products in the amount of $108,603.00.

36. Plaintiff is entitled to a recovery in *quantum meruit* of $108,603.00, the reasonable value of the products delivered to JESE and Silverwear.

**WHEREFORE**, Plaintif demands a judgment against Defendants JESE and Silverwear in the amount of $108,603.00 plus interest, attorney's fees, costs of suit and such other and further relief as the Court deems just and proper.

## AS AND FOR A THIRD CAUSE OF ACTION TORTIOUS INTERFERENCE

37. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 36 inclusive, with the same force and effect as though more fully set forth at length herein.

38. Plaintiff and JESE and Silverwear have an existing contractual relationship.

39. Plaintiff and Jay Weitzman have no valid contractual relationship.

40. Jay Weitzman has no authority to act on behalf of Plaintiff.

41. Jay Weitzman is aware of the contractual relationship between Plaintiff and JESE/Silverwear.

6

42. Jay Weitzman knowingly induced Plaintiff to provide goods for free and advised JESE and Silverwear to breach their contracts to Plaintiff.

43. Jay Weitzman violated laws and caused JESE and Silverwear to breach their agreement to Plaintiff.

44. Plaintiff has been damaged by Defendants' breach of contract under promissory estoppel and failure to act in good faith.

45. Accordingly, Jay Weitzman's actions constitute tortious interference with the ongoing agreement between Plaintiff and JESE/Silverwear.

**WHEREFORE**, Plaintiff demands a judgment against Defendant Jay Weitzman in the amount of $108,603.00 plus interest, attorney's fees, costs of suit and such other and further relief as the Court deems just and proper.

## AS AND FOR A FOURTH CAUSE OF ACTION FRAUD

46. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 45 inclusive, with the same force and effect as though more fully set forth at length herein.

47. JESE and Silverwear derived ownership of the three orders through fraudulent acts.

48. JESE and Silverwear willfully misrepresented its willingness and ability to pay in order to dupe Plaintiff to produce, pack and ship its goods for free.

49. JESE and Silverwear's fraud is made apparent in their continuous lies that payment has already been sent and promises that they were going to pay and yet no payment ever occurred.

50. Plaintiff relied on the international misrepresentations of material facts by JESE and Silverwear.

51. As a result of JESE and Silverwear's international misrepresentation of material facts and fraudulent acts, Plaintiff has suffered injury.

**WHEREFORE**, Plaintiff demands a judgment against Defendants JESE and Silverwear in the amount of $108,603.00 plus punitive damages, interest, attorney's fees, costs of suit and such other and further relief as the Court deems just and proper.

## AS AND FOR A FIFTH CAUSE OF ACTION DECEPTIVE BUSINESS PRACTICE

52. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 51 inclusive, with the same force and effect as though more fully set forth at length herein.

53. By reason of the foregoing, Defendants engaged in a deceptive business practice, in violation of New York General Business Law §349.

54. By reason thereof, Plaintiff suffered the aforementioned damages.

**WHEREFORE**, Plaintiff demands a judgment against Defendants JESE and Silverwear in the amount of $108,603.00 plus punitive damages, interest, attorney's fees, costs of suit and such other and further relief as the Court deems just and proper.

## JURY DEMAND

55. Plaintiff demands a trial by jury.

8

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff individually demands judgment against Defendants, jointly and severally, in the favor of Plaintiff, for a sum that will properly, adequately and completely compensate Plaintiff for the nature, extent and duration of her damages, the costs of this action and whatever further relief the court deems necessary and as denominated in each separate Count.

Dated: New York, New York
July 25, 2014

Respectfully submitted,

By: _____
Tiffany Ma, Esq. (TM 3651)
Young & Ma LLP
575 Lexington Avenue, 4th Floor
New York, NY 10022
T: (212) 971-9773
F: (212) 600-2301
tma@youngandma.com