```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
  ZONGTEX INTERNATIONAL                                     :
  CORPORATION,                                              :
                                     Plaintiff,             :     14-CV-5780 (JPO)
                                                            :
                  -v-                                       :     OPINION AND ORDER
                                                            :
  JESE APPAREL LLC, SILVERWEAR-USA, and                     :
  JAY WEITZMAN,                                             :
                                     Defendants.            :
-------------------------------------------------------- X
```

J. PAUL OETKEN, District Judge:

Plaintiff Zongtex International Corporation ("Zongtex") brings this action against Defendants JESE Apparel, LLC ("JESE"), Silverwear-USA ("Silverwear"), and Jay Weitzman, the President of JESE (collectively, "Defendants"), alleging breach of contract, fraud, unjust enrichment, tortious interference with contract, and deceptive trade practices in violation of New York General Business Law ("GBL") § 349. Defendants move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the fraud, unjust enrichment, tortious interference, and deceptive trade practices claims. Defendants also request that the Court strike parts of Zongtex's brief and sanction Zongtex's attorney pursuant to the Court's inherent power. For the reasons that follow, Defendants' motion to dismiss is granted. The Court reserves decision on Defendants' request for sanctions.

I.   Background[1]

In April or May of 2013, Zongtex, a Taiwanese manufacturer, "entered into a contractual arrangement" to sell fabric to New York-based garment companies JESE and Silverwear.

---

[1] The following facts are taken from the complaint (Dkt. No. 1 ["Complaint"]) and are accepted as true for the purposes of the instant motion.

1

(Complaint ¶ 11.) The parties agreed on price—more than $100,000—delivery date, and specifically agreed on the type and quality of goods to be delivered. (*Id.* ¶¶ 12-13.) As soon as it received the "order specifications," Zongtex shipped the goods to JESE's warehouse in Mexico City. (*Id.* ¶ 14.) JESE and Silverwear accepted the goods. At some unspecified later date, the parties renegotiated the price "due largely to the imbalance of bargaining power and because goods were already received by JESE and Silverwear." (*Id.* ¶ 13.)

On August 23, 2013, a JESE employee emailed Zongtex: "we will release all payments to you by the end of the month." (*Id.* ¶ 17 (brackets omitted).) A week later, he emailed: "we have arrange [*sic*] the payment to you, pls cfm [*sic*] if you received it." (*Id.* ¶ 18 (brackets omitted).) But Defendants had not arranged the payment. Several weeks later, on September 18, a JESE employee emailed: "we were [*sic*] wired the money today, but we can get the proof to you tomorrow." (*Id.* ¶ 19.) Still, no payment had been made. On January 14, 2014, when Zongtex called and threatened legal action, Weitzman responded that Costco, a JESE customer, had expressed dissatisfaction with the goods. Defendants did not return the goods. They still have not paid.

II.     Discussion

Defendants do not dispute that Zongtex states a valid claim for breach of contract. They contend only that the fraud, unjust enrichment, tortious interference, and GBL claims must be dismissed because they are implausible, duplicative of the breach-of-contract claim, or not legally cognizable.

   A.     Legal Standard

On a motion to dismiss pursuant to Rule 12(b)(6), a court must "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009) (internal quotation marks

omitted). To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court will not consider mere conclusory allegations that lack a factual basis. *Hayden v. Paterson*, 594 F.3d 150, 160–61 (2d Cir. 2010). A plaintiff's complaint "must at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed." *EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254 (2d Cir. 2014) (citing *Iqbal*, 556 U.S. at 680) (alterations and internal quotation marks omitted).

### B. Fraud

Zongtex alleges that Defendants "willfully misrepresented its [sic] willingness and ability to pay in order to dupe [Zongtex] to produce, pack and ship its goods for free." (Complaint ¶ 48.) Defendants' fraud, Zongtex claims, is evinced by "their continuous lies that payment has already been sent." (*Id.* ¶ 49.)

At worst, Zongtex's allegations indicate that Defendants entered into a contract that they never intended to perform. New York—whose law governs this dispute—does not recognize a fraud claim based on allegations that someone never intended to perform a contract. *E.g.*, *New York Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 318 (1995) ("General allegations that defendant entered into a contract while lacking the intent to perform it are insufficient to support [a fraud] claim."). Rather, a separate fraud claim can stand only if a plaintiff "(1) demonstrates a legal duty separate from the duty to perform under the contract; (2) points to a fraudulent misrepresentation that is collateral or extraneous to the contract; or (3) seeks special damages that are unrecoverable as contract damages." *Merrill Lynch & Co. v. Allegheny Energy, Inc.*,

500 F.3d 171, 183 (2d Cir. 2007). Zongtex fails in its attempt to demonstrate a misrepresentation extraneous to the contract; rather, all of the alleged misrepresentations relate directly to Defendants' contractual duties. Similarly, the Complaint does not allege that Defendants have any extraneous duty to Zongtex. Finally, the mere fact that Zongtex requests punitive damages does not establish a fraud claim because punitive damages are, in fact, recoverable on a breach-of-contract claim in New York. *See Schonfeld v. Hilliard*, 218 F.3d 164, 183 (2d Cir. 2000). That Defendants' conduct, as alleged in the complaint, fails to meet the prerequisites for punitive damages does not mean that those damages are unrecoverable as a general matter on a breach-of-contract claim. *Id.* (stating that New York law requires a plaintiff seeking punitive damages for breach of contract to "establish that the defendant's conduct: (1) is actionable as an independent tort; (2) was sufficiently egregious; and (3) was directed not only against the plaintiff, but was part of a pattern of behavior aimed at the public generally").

Furthermore, Zongtex barely alleges that it relied on Defendants' false statements that it had paid for the goods. (Complaint ¶¶ 49-50.) That claim is implausible because Zongtex had already shipped the goods and, therefore, did not rely on those misstatements. Zongtex's fraud claim is dismissed.

    C.    **Unjust Enrichment**

Zongtex alleges that it is owed the value of the shipped goods in *quantum meruit*. This claim is inconsistent with its contract claim. *E.g., Knudsen v. Quebecor Printing (U.S.A.) Inc.*, 792 F. Supp. 234, 237-38 (S.D.N.Y. 1992). Nonetheless, Zongtex contends that it can maintain these inconsistent claims at this stage of the litigation because it might turn out that the contract is invalid or unenforceable for some reason. Zongtex's contention is without merit because its claims are governed by the *undisputed* existence of a contract. (*Compare, e.g.,* Dkt. No. 12, Plaintiff's Memorandum of Law, at 15 (stating that the "parties agreed on price, delivery date

4

and specific descriptions of goods needed"), *with* Dkt. No. 17, Defendants' Reply Memorandum of Law, at 7-8 (acknowledging that the existence of a contract is undisputed).) Where the parties do not dispute that a contract governs, unjust enrichment claims are properly dismissed. *E.g.*, *Gunther v. Capital One, N.A.*, 703 F. Supp. 2d 264, 276 (E.D.N.Y. 2010) ("[T]he better reasoned and more prevalent authority in this Circuit holds that an unjust enrichment claim will not survive a motion to dismiss when an undisputed contract exists between the parties."). Zongtex's unjust enrichment claim is dismissed.

### D. Tortious Interference

Zongtex alleges that Weitzman tortiously interfered with its contract with JESE and Silverwear because (1) Weitzman knew about the contract, (2) Weitzman induced JESE and Silverwear to breach the contract by "advising" the corporations to do so, and (3) Weitzman had no contractual relationship with Zongtex. (Complaint ¶¶ 38-45.) But Weitzman is the *President* of JESE. New York law does not recognize a claim for tortious interference where an officer of a corporation induces that corporation to breach a contract. *E.g.*, *Murtha v. Yonkers Child Care Ass'n, Inc.*, 45 N.Y.2d 913, 915 (1978) ("A director of a corporation is not personally liable to one who has contracted with the corporation on the theory of inducing a breach of contract, merely due to the fact that, while acting for the corporation, he has made decisions and taken steps that resulted in the corporation's promise being broken." (internal quotation marks omitted)). "[F]or an agent of a party to the contract to qualify as a third party [to the contract], the plaintiff must demonstrate that the agent acted outside the scope of his authority or committed an independent tortious act against the plaintiff," such as where "defendants personally profited from their acts." *Friedman v. Wahrsager*, 848 F. Supp. 2d 278, 298 (E.D.N.Y. 2012) (brackets and internal quotation marks omitted).

Zongtex contends in its brief that Weitzman—who, Zongtex presumes, sold goods on commission for JESE and Silverwear—acted for his *own* benefit when he directed JESE to breach the contract.  This argument is meritless.  First of all, even if it were true that Weitzman sold goods on commission (a dubious allegation given that he is the president of the corporation), and that JESE's breach of the contract accrued to his benefit, Zongtex's allegations would still be insufficient to state a claim for tortious interference because the breach obviously benefited JESE as well, and therefore was entirely consistent with Weitzman's role as president.  And there is no factual support—in the complaint or elsewhere—for the contention that Weitzman's motives remotely diverged from JESE's.  Zongtex's contention to the contrary makes little sense, and is implausible at best.  (*See* Plaintiff's Memorandum, at 17 ("Weitzman's motives for engaging in such an open and obvious fraud and breach opens [*sic*] the door for many questions . . . .  [He] was highly motivated by one particular consumer to purchase the goods Zongtex shipped.  When comparing Weitzman's fluctuating statements as to payment and his whereabouts against the fact that Zongtex had a previous business relationship with JESE where JESE performed on its promises, this case begs the question whether Weitzman had a personal motive to cause JESE not to pay Zongtex because he got the direct benefit of the higher commission payout for the goods.").)  The tortious interference claim is dismissed.

E.   GBL § 349

Finally, Zongtex alleges that Defendants violated GBL § 349.  The statute, however, does not provide a remedy for "[p]rivate contract disputes, unique to the parties."  *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y. 2d 20, 25 (1995); *see also S.Q.K.F.C., Inc. v. Bell Atl. TriCon Leasing Corp.*, 84 F.3d 629, 636 (2d Cir. 1996) (stating that GBL § 349 "was not intended to be a sword to be wielded in business-versus-business disputes where the party asserting the claim is not acting in a consumer role" (ellipsis and internal

quotation marks omitted)). Zongtex writes in its memorandum of law that it "intends to offer facts to show that Defendants engaged in a pattern and practice of deception aimed at foreign manufacturers attempting to sell their goods in New York . . . . We [presumably Zongtex's counsel, Young and Ma, LLP] are developing a list of foreign manufacturers similarly defrauded by Defendants' deception." (Plaintiff's Memorandum, at 16.) These allegations do not appear in the Complaint. Even if they did appear in the Complaint, they are insufficiently specific to be plausible for purposes of a motion to dismiss. The GBL claim is dismissed.

### F. Sanctions

Defendants have asked this Court to sanction Tiffany Ma, Zongtex's counsel, for (1) her improper allegation that Defendants are "racist" (*e.g.*, Plaintiff's Memorandum, at 13); (2) her improper allegations that Defendants are defrauding other companies, for which allegation Ma offers no factual support (*id.* at 7, 9, 13, 16); and (3) her improper reference to Weitzman's religious and ethnic identity (*id.* at 9). This Court asked Ma to appear at a hearing on December 19, 2014, to show cause why she should not be sanctioned for the content of her papers. Ma has requested permission to file a supplemental written submission. (Dkt. No. 22.) Ma's request is granted. She shall file her supplemental written submission on or before January 5, 2015. The Court reserves decision on sanctions.

### H. Leave to Amend

Zongtex requests leave to amend its complaint should this Court find the Complaint deficient. Defendants contend that the request is futile. The Court cannot conclude that amendment would be futile, and leave to amend should be freely granted. Fed. R. Civ. P. 15(a)(2). Therefore, Zongtex's request for leave to amend is granted. If Zongtex wishes to file an amended complaint, it shall file such complaint by January 15, 2015.

## III.  Conclusion

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. Plaintiff's request for leave to amend is GRANTED, and any amended complaint shall be filed by January 15, 2015.

The Clerk of the Court is directed to close the motion at docket number 7.

SO ORDERED.

Dated: December 23, 2014
       New York, New York

_____
J. PAUL OETKEN
United States District Judge